UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MONICA ROSA, JACIE WILLIAMS,
BELCANYELLI FANA, MARISOL RIVAS,
and WILMER MELENDEZ, individually and
on behalf of others similarly situated,

               Plaintiffs,

     -against-

CENTRAL MEDICAL SERVICES OF
WESTROCK, P.C., MICHAEL HEARNS,
KAREN HEARNS, and CHRISTINE
ROCKICIOLI,

           Defendants.

Case No.:

**COMPLAINT**

**Collective Action and Class Action
Complaint**

Plaintiffs MONICA ROSA ("Rosa"), JACIE WILLIAMS ("Williams"), BELCANYELLI FANA ("Fana"), MARISOL RIVAS ("Rivas") and WILMER MELENDEZ ("Melendez") individually and on behalf of others similarly situated by and through their attorneys, FISHER TAUBENFELD LLP, allege against Defendants CENTRAL MEDICAL SERVICES OF WESTROCK, P.C. ("CMSW" or the "Corporate Defendant"), MICHAEL HEARNS ("Dr. Hearns"), KAREN HEARNS ("K. Hearns") and CHRISTINE ROCKICIOLI ("Rockioli") (collectively, the "Individual Defendants") as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this district, and the Corporate Defendant resides in this District.

## THE PARTIES

3.      Defendant CMSW is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 111 Livingston Street, Brooklyn, New York 11201.

4.      Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5.      In the past six years, Defendant CMSW has operated multiple offices in New York City and its environs located at:

      i.    195 Montague Street, Brooklyn, NY 11201;

      ii.   2510 Westchester Avenue, Bronx, NY 10461;

      iii.  118-35 Queens Blvd, Forest Hills, NY 11375;

      iv.   2103 Deer Park Ave, Deer Park, NY 11729;

      v.    239 East Main Street, Patchogue, NY 11772;

      vi.   245 Main Street, White Plains, NY 10601; and

      vii.  5020 U.S. Route 9W Suite 103 Newburgh, NY 12550.

6.      Defendants bill numerous claims each week for services pertaining to work-related injuries, as well as other services.

7.     At all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

8.     Plaintiffs and Defendants' other employees regularly handled and used medications and equipment that were moved in or produced for interstate commerce.

9.     At all relevant times hereto, Plaintiffs were engaged in interstate "commerce" within the meaning of the FLSA.

10.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

11.     At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiffs.

12.     At all relevant times hereto, Defendants have been Plaintiffs' employers within the meaning of the New York Labor Law ("NYLL") §§ 2 and 651.

13.     Each Plaintiff is an adult individual who has been employed by Defendants within the last six (6) years at Defendants' offices.

### *The Individual Defendants and Their Offices*

14.     Upon information and belief, Defendant Dr. Hearns resides in the State of New York and is an owner, manager, and/or employee of the Corporate Defendant.

15.     Upon information and belief, Defendant K. Hearns resides in the State of New York and is an owner, manager, and/or employee of the Corporate Defendant.

16.     Upon information and belief, Defendant Rockioli resides in the State of New York and is a manager and/or employee of the Corporate Defendant.

17.     Upon information and belief, Defendant Dr. Hearns is the sole owner of the Corporate Defendant and along with Defendant Rockioli, who is the Corporate Defendant's Practice Administrator, and others operates the Corporate Defendant.  They both make and/or made hiring and firing, scheduling, and payroll decisions and maintain pay records on behalf of the Corporate Defendant.

18.     Defendant K. Hearns is the Executive Vice President in charge of the Human Resources Department for the Corporate Defendant and handles processing new employees and payroll for the Corporate Defendant.  She also, along with Defendants Dr. Hearns and Rockioli, makes hiring and firing and payroll decisions.

19.     The Individual Defendants are natural persons engaged in business in the State of New York, who are sued individually in their capacities as owners, officers, employees, and/or agents of the Corporate Defendant.

20.     The Individual Defendants exercise operational control over the Corporate Defendant's operations.

21.     At all relevant times, all Defendants have been Plaintiffs' employer within the meaning of the FLSA and NYLL.  The Individual Defendants possessed and executed the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, determined the rate and method of any compensation in exchange for their services, and maintained records of their employment.

22.     The Individual Defendants, among other actions, both approved hiring of Plaintiff Rosa and other managers and employees, set their rates of pay, and maintained employment records.

4

23.     The Individual Defendants created and enforced policy for the Corporate Defendant, including the employee pay policies and work schedules. All personnel and operational decisions were made or approved by at least one of the Individual Defendants.

24.     Defendant Dr. Hearns, as one of the ten largest shareholders of the Corporate Defendant, is individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 1**).

25.     The Individual Defendants are Plaintiffs' employers under the FLSA and NYLL and are individually liable to Plaintiffs.

## NATURE OF THE ACTION

26.     Plaintiffs bring this action on behalf of (a) themselves and other similarly situated employees who have worked for the Defendants on or after the date that is three (3) years before the filing of this Complaint pursuant to the FLSA; and (b) themselves and other similarly situated employees on or after the date that is six (6) years before the filing of this Complaint pursuant to the NYLL and the New York Commissioner of Labor's Wage Orders codified at 12 N.Y.C.R.R. 142 *et seq.*, based upon the following acts and/or omissions:

  i.   Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiffs who worked in excess of forty (40) hours per week;

  ii.  Defendants' failure to pay Plaintiffs for all hours worked;

  iii. Defendants' failure to provide Plaintiffs with a wage notice or proper paystubs as required by NYLL § 195;

iv.  Defendants' failure to provide Plaintiffs Williams, Fana, Rivas, and Melendez with uniform reimbursement payments as required by 12 N.Y.C.R.R. 142-2.5;

## FACT ALLEGATIONS

27.  At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiffs have been and continue to be economically injured.

28.  Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### *Plaintiff Williams' Schedule and Pay*

29.  Defendants hired Plaintiff Williams as a Front Desk Receptionist at CMSW's Bronx location on August 8, 2016.

30.  Subsequently, in October 2016, Defendants promoted Plaintiff Williams to Team Lead, a position she held until September 18, 2018.

31.  From the beginning of her employment until October 2016, Defendants paid Plaintiff Williams $13 an hour.

32.  Defendants increased Plaintiff Williams hourly rate in October 2016 to $15.

33.  As both a receptionist and Team Lead, Plaintiff Williams regularly worked Monday through Friday.

34.  From the time Defendants promoted her to Team Lead until 2018, Plaintiff Williams regularly worked from 9:00 a.m. or 9:15 a.m. until 7:00 p.m. or later.

35.  Starting in 2018, Plaintiff Williams began working from 9:00 a.m. or 9:15 a.m. until 6:15 p.m. or 6:20 p.m.

6

36.     During her employment, Plaintiff Williams rarely took a break lasting longer than 20 minutes.

37.     Defendants failed to pay Williams an overtime premium of time-and-a-half for each of her overtime hours and instead paid to her her regular rate for each of the hours they paid her.

### Plaintiff Fana's Schedule and Pay

38.     Plaintiff Fana began working for Defendants on November 6, 2016 as a Doctor's Assistant at CMSW's Bronx location, a position she continues to work in.

39.     Throughout her employment, Plaintiff Fana regularly worked Monday through Friday and from 8:45 a.m. or 9:00 a.m. until 6:00 p.m. or later, except on Thursday when she worked from 10:00 a.m. until 8:00 p.m. or 9:00 p.m.

40.     Throughout her employment, Defendants paid Plaintiff Fana an hourly rate of $15.

41.     Defendants also never paid Plaintiff Fana an overtime premium of time-and-a-half for each of her overtime hours and instead paid her her regular rate for each of the hours they paid her.

### Plaintiff Rivas' Schedule and Pay

42.     Plaintiff Rivas began working for Defendants on June 6, 2017 as a Doctor's Assistant at CMSW's Bronx location, a position she continues to work in.

43.     During her employment, especially during the summer months and the end of December through the middle of January, Plaintiff Rivas regularly worked Monday through Friday from 8:45 a.m. or 9:00 a.m. until 6:00 p.m. or later, except on Thursday when she worked from 10:00 a.m. until 8:00 p.m. or 9:00 p.m.

44.    During the rest of the year, Plaintiff Rivas worked until 3:00 p.m.

45.    Throughout her employment, Defendants paid Plaintiff Rivas an hourly rate of $14.

46.    Defendants also never paid Plaintiff Rivas an overtime premium of time-and-a-half for each of her overtime hours and instead paid to her her regular rate for each of the hours they paid her.

***Plaintiff Melendez's Schedule and Pay***

47.    Defendants hired Plaintiff Melendez to begin work on October 10, 2016 as a Doctor's Assistant at CMSW's Bronx location, a position he worked in until his employment ended on August 15, 2018.

48.    Until January 2018, Plaintiff Melendez regularly worked Monday through Friday.

49.    Plaintiff Melendez regularly began work at 8:45 a.m. or 9:00 a.m. and worked until 6:00 p.m. or later, except on Thursday when he worked from 10:00 a.m. until 8:00 p.m. or 9:00 p.m.

50.    Beginning in January 2018, Defendants converted Plaintiff Melendez to "part-time" during which he only worked four days a week and worked a shorter shift.

51.    During his employment, Plaintiff Melendez rarely took a lunch break of 20 minutes or more.

52.    Throughout his employment, Defendants paid Plaintiff Melendez an hourly rate of $14.

53.     Defendants also never paid Plaintiff Melendez an overtime premium of time-and-a-half for each of his overtime hours and instead paid him his regular rate for each of the hours they paid him.

### Plaintiff Rosa's Schedule and Pay

54.     Plaintiff Rosa worked as the manager in at CMSW's Bronx location from May 1, 2017 through September 19, 2018.

55.     Plaintiff Rosa regularly worked Monday through Friday.

56.     Plaintiff Rosa regularly worked at the office each day from 9:00 a.m. until 7:30 p.m. or later.

57.     Plaintiff Rosa also performed work at home outside of these hours.

58.     For this work, Defendants generally paid Plaintiff Rosa a biweekly salary of $1,923.08.

59.     During her employment, Plaintiff Rosa rarely took a lunch break of 20 minutes or more.

60.     Defendants never paid Plaintiff Rosa an overtime premium of time-and-a-half for each of her overtime hours.

### Defendants' Failure to Pay for All Hours Plaintiffs Worked and Their Overtime Hours

61.     Defendants failed to pay Plaintiffs properly under the FLSA and NYLL.

62.     Defendants failed to pay Plaintiffs, Fana, Williams, Rivas, and Melendez for each hour they worked.

63.     Instead, Defendants only paid them for specific hours, but declined to pay them for the hours they worked before and after their shift.

64.     Further, Defendants automatically deducted 30 minutes each day for a lunch break even when Plaintiffs did not take lunch, which they rarely did.

65.     Defendants also failed to pay all Plaintiffs for each overtime hours they worked.

66.     Instead, Defendants paid Plaintiffs for a maximum of 80 hours over a two week period, even when Plaintiffs worked more than 80 hours during that period.  Instead of paying overtime pay, Defendants provided to Plaintiffs compensatory time that they were purportedly allowed to use but often could not use.

67.     Defendants deprived Plaintiffs of overtime pay in another way.   When Plaintiffs were scheduled to work more than 40 hours in one week and fewer than 40 hours in the next week, Defendants paid them the total of the two weeks, but did not pay Plaintiffs at an overtime rate of time-and-a-half for the week during which they worked more than 40 hours.

*Defendants' Violations of NYLL § 195*

68.     Defendants have failed to provide Plaintiffs with a wage notice in compliance with NYLL § 195.

69.     Defendants did not at any time provide Plaintiffs with a notice specifying their rate of pay, the basis of pay, allowances, if any, claimed against the minimum wage (e.g., tips, meals, lodging) or the identification of their regular pay day.

70.     Defendants also failed to provide Plaintiffs with proper wage statements stating, among other things, the number of overtime hours they worked or their hourly rate for overtime hours.

*Defendants' Failure to Pay Plaintiffs Williams, Fana, Rivas, and Melendez for Their Uniform Purchases*

71.     Defendants required Plaintiffs Williams, Fana, Rivas, and Melendez to wear scrubs when performing their work duties.

72.     Defendants have failed to reimburse Plaintiffs Williams, Fana, Rivas, and Melendez for the expenses they incurred in purchasing the scrubs as required by 12 N.Y.C.R.R. 142-2.5.

## COLLECTIVE ACTION ALLEGATIONS

73.     Defendants' failure to comply with the FLSA extended beyond the Plaintiffs Williams, Fana, Rivas, and Melendez to all other similarly situated employees insofar as Defendants had a policy to pay their employees at their regular rate for the hours they worked in excess of 40.

74.     Plaintiffs Williams, Fana, Rivas, and Melendez seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated current and former non-exempt employees of Defendants pursuant to 29 U.S.C. § 216(b).

75.     The consent to sue forms for Plaintiffs Williams, Fana, Rivas, and Melendez are attached hereto as **Exhibit 2**.

76.     Upon information and belief, there are at least 100 current and former employees who have been denied proper overtime wage compensation while working for Defendants.

77.     At all relevant times, Plaintiffs Williams, Fana, Rivas, and Melendez and others who are and/or have been similarly situated, were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation

for hours worked in excess of forty (40) per workweek. The claims of Plaintiffs Williams, Fana, Rivas, and Melendez stated herein are similar to those of the other employees.

78.     In bringing this action, Plaintiffs Williams, Fana, Rivas, and Melendez are representative of and are acting on behalf of the interests of other current and former non-exempt employees who have worked for Defendants within the last three (3) years.

## CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P.23(b)(3) FOR VIOLATIONS OF THE NYLL

79.     Plaintiffs bring this action on behalf of themselves and all other non-exempt persons who were or are employed by the Defendants but who did not receive compensation required by the NYLL in respect to their work for the Defendants.

80.     Upon information and belief, this class of persons consists of no fewer than 150 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

81.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiffs by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

82.     The claims of Plaintiffs are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

83.     Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

84.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

85.     Plaintiffs bring the second through sixth claims for relief herein on behalf of themselves and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P.23, in respect to all claims that Plaintiffs and all persons similarly situated have against the Defendants as a result of the Defendants' violations under the NYLL.

## FIRST CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA as to Plaintiffs Williams, Fana, Rivas, and Melendez)

86.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

87.     Throughout the statute of limitations period covered by these claims, Plaintiffs Williams, Fana, Rivas, and Melendez and others similarly situated regularly worked in excess of forty (40) hours per workweek.

88.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiffs Williams, Fana, Rivas, and Melendez and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

89.     Plaintiffs Williams, Fana, Rivas, and Melendez seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL as to all Plaintiffs)

90.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

91.     New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any workweek.

92.     Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly have failed to pay Plaintiffs and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

93.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (NYLL Failure to Notify as to all Plaintiffs)

94.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

95.     Pursuant to §195(1) of the NYLL, within ten business days of Plaintiffs and other similarly situated employee's hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

96.    Pursuant to §195(3) of the NYLL, Defendants were required to provide to Plaintiffs and others similarly situated a wage statement containing, *inter alia*, a record of each overtime hour worked and the employee's overtime rate of pay.

97.    Defendants failed to provide Plaintiffs and others similarly situated with a notice or proper wage statements in accordance with §195 of the NYLL.

98.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seek damages in accordance with §198 of the NYLL for each week Defendants failed to provide such notice and wage statement, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (Breach of Contract as to Plaintiffs Williams, Fana, Rivas, and Melendez)

99.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

100.    Defendants entered into an oral contract with Plaintiffs Williams, Fana, Rivas, and Melendez and others similarly situated to perform work as described above.

101.    Plaintiffs Williams, Fana, Rivas, and Melendez and others similarly situated satisfactorily supplied labor in connection with, and in furtherance of, the work required under their oral employment contract with Defendants and in doing so, complied with the terms of their employment contract with Defendants and were therefore entitled to wages they rightfully earned while working for Defendants.

102.    Defendants agreed to pay Plaintiffs Williams, Fana, Rivas, and Melendez and others similarly situated an hourly wage for each hour they worked.

103.    Defendants failed to pay Plaintiffs Williams, Fana, Rivas, and Melendez and others similarly situated at that hourly rate for each of the hours they worked.

104.    That by virtue of the foregoing breach of contract by Defendants, Plaintiffs Williams, Fana, Rivas, and Melendez and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiffs Williams, Fana, Rivas, and Melendez and others similarly situated should have been paid as contemplated by their employment agreement with Defendants, less amounts actually paid to Plaintiffs Williams, Fana, Rivas, and Melendez and others similarly situated together, with an award of interest, costs, disbursements, and attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### (NYLL Failure to Pay Straight Time as to all Plaintiffs Williams, Fana, Rivas, and Melendez)

105.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

106.    At all relevant times hereto, pursuant to NYLL § 190 *et. seq.* Defendants were obligated to pay Plaintiffs Williams, Fana, Rivas, and Melendez and others similarly situated an hourly rate for each hour they worked and not to divert or withhold any portion of their wages.

107.    Defendants failed to pay Plaintiffs Williams, Fana, Rivas, and Melendez and others similarly situated their hourly rate for each hour they worked.

108.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs Williams, Fana, Rivas, and Melendez and others similarly situated have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided

by NYLL §§ 663 and 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (NYLL Uniform Violations as to Plaintiffs Williams, Fana, Rivas, and Melendez)

109.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110.    Pursuant to 12 N.Y.C.R.R. 142-2.5, Defendants were obligated to reimburse Plaintiffs Williams, Fana, Rivas, and Melendez and others similarly situated for the expenses they incurred in purchasing uniforms.

111.    Defendants failed to reimburse Plaintiffs Williams, Fana, Rivas, and Melendez and others similarly situated for uniform purchases.

112.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs Williams, Fana, Rivas, and Melendez and others similarly situated have sustained damage and seek recovery for unlawful deductions in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment for:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiffs' costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: October 26, 2018
      New York, New York

                                    Respectfully submitted,

                                    Michael Taubenfeld
                                    FISHER TAUBENFELD LLP
                                    225 Broadway, Suite 1700
                                    New York, New York 10007
                                    Phone: (212) 571-0700
                                    Facsimile: (212) 505-2001
                                    *ATTORNEYS FOR PLAINTIFFS*

EXHIBIT 1

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:        CENTRAL MEDICAL SERVICES OF WESTROCK, P.C.

PLEASE TAKE NOTICE that MONICA ROSA, JACIE WILLIAMS, BELCANYELLI FANA, MARISOL RIVAS, and WILMER MELENDEZ, as employees of the above corporation who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation for services performed by them for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who have expressly authorized the undersigned, as their attorney, to make this demand on his behalf,

THEY ALSO HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
           October 26, 2018

FISHER TAUBENFELD LLP

_____/s/_____

Michael Taubenfeld
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFFS*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
## LIABILITY FOR SERVICES RENDERED

TO:   MICHAEL HEARNS

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that MONICA ROSA, JACIE WILLIAMS, BELCANYELLI FANA, MARISOL RIVAS, and WILMER MELENDEZ, on behalf of themselves and on behalf of all others similarly situated, intend to charge you and hold you personally liable as one of the ten largest shareholders of CENTRAL MEDICAL SERVICES OF WESTROCK, P.C., for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
       October 26, 2018

FISHER TAUBENFELD LLP

_____/s/_____
Michael Taubenfeld
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFFS*

EXHIBIT 2

## <u>CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT</u>

I am an individual who was employed by Central Medical Services of Westrock, PC and/or related entities.  I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.


Belcanyelli Fana
_____
NAME

_____
SIGNATURE

10/10/18
_____
DATE

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was employed by Central Medical Services of Westrock, PC and/or related

entities.  I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by

the terms of the Professional Services Agreement signed by me in this case.

Wilmer Melendez

NAME

SIGNATURE

9/30/18

DATE

## <u>CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT</u>

I am an individual who was employed by Central Medical Services of Westrock, PC and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.


Marisol Rivas
_____
NAME

_____
SIGNATURE


10/15/18
_____
DATE

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was employed by Central Medical Services of Westrock, PC and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_____
NAME

Jacie Williams
SIGNATURE

9/20/18
DATE