# URBA LAW PLLC
*"Practice limited to Employment Law"*
200 Park Avenue
Suite 1700
New York, NY 10166
212-731-4776

August 13, 2021

**Via ECF**

The Honorable Roxanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                Re:     Rosa v. Central Medical Services of Westrock, P.C.
                         **No. 18-CV-6011(EK)(RLM)**

Dear Judge Mann:

      Pursuant to the Court's Order deferring ruling on [49] Motion for Pre Motion Conference, please accept defendants' strong objection to further proceedings on a matter which has been closed since April 6, 2020.

      Defendants fully satisfied their obligations pursuant to the plain and unambiguous language of the settlement agreement. Defendants delivered distinctively marked "CASHIER'S CHECKS" from Chase Bank to plaintiffs' counsel. Plaintiffs' counsel accepted all "cash-like" payments without objection. Plaintiffs' counsel is not requesting enforcement of an agreement. Rather, plaintiffs' counsel indulges this Court to re-write the parties' settlement agreement to impose insurer-like duties on defendants.

      Should plaintiffs' counsel refuse to withdraw his most recent request, the undersigned intends to serve plaintiffs' counsel with a formal motion for sanctions. Defendants will prove that:

1. **Defendants compromised and fully satisfied all duties owed to Ms. Williams.** Her claim was paid, fully satisfied, when plaintiffs' counsel accepted Chase Bank's distinctive, CASHIER'S CHECK numbered 5244 without objection. The purpose for certifying checks is to make them the equivalent of money so that they may be used as such.[1] Cashier's checks are treated as money for practical purposes.[2] More than 100 years ago one court noted that: "The law merchant recognizes clearly a distinction, in many respects between checks on banks and ordinary bills of exchange."[3] Plaintiffs' counsel received and accepted checks on banks which were equivalent to cash.

---

1 *Merchants' & Planters' Bank v. New First Nat. Bank*, 170 S.W. 852, 855, 116 Ark. 1 (Ark. 1914).
2 *Dziurak v. Chase Manhattan Bank, N.A.*, 396 N.Y.S.2d 414, 416-17, 58 A.D.2d 103 (N.Y. App. Div. 1977).
3 *See* Merchants' & Planters Bank, *supra* note 1, at 854.

2. **Plaintiff and her counsel assumed the risk of accepting the cashier's check, without objection. Whether plaintiffs' counsel warned Ms. Williams regarding safe-keeping cash-like funds is outside defendants' duties. Plaintiffs' counsel now writes that she either "misplaced" the cashier's check or that "it was stolen." Courts should not reward contributory negligence.** Numerous courts have declared that the UCC is a uniform system, relied upon by commerce across our nation. Banks have no choice but to honor cashier's checks when presented for payment. There is no right to stop payment after a check is certified.[4] Certification occurs when a bank signs its own check on its own account, thereby guaranteeing that its own funds are liquid to pay a demand immediately upon its instrument's presentation. Those checks are like cash.

3. **This Court previously ordered plaintiffs' counsel to address a matter of a stopped check of another plaintiff. Plaintiffs' counsel has not done so, apparently for good reason.** Should the Court entertain reopening this matter and expand the plain meaning of the settlement agreement, there is good reason to believe that doing so may affect the entire settlement agreement. As undersigned counsel hinted in his prior communication to this Court, reopening this matter could impact all plaintiffs and potentially plaintiffs' counsel himself.

Plaintiffs' counsel is needlessly increasing the cost of litigation. He is pursuing a claim not warranted by existing law. Nor is he making a nonfrivolous argument that the risks he assumed by accepting cash-like funds on behalf of all clients should transform the plain terms of the settlement agreement, shifting the burden of post-settlement losses to defendants. Full satisfaction occurred the instant plaintiffs' counsel received funds intended for his clients, payable from Chase Bank's account. The funds were no longer defendants' nor has any argument been advanced that defendants owed any additional duties to plaintiffs.

Plaintiffs' counsel may have contributed to his client's apparent negligence. He apparently mailed cash-like funds via USPS first class mail. Clients may not have recognized how risky that means of delivery was for cashier's checks. Once plaintiffs' counsel received those checks, all duties of safekeeping became his and his clients'. This Court should not shift those duties of care to defendants. Doing so would substitute defendants for plaintiffs' counsel.

Should plaintiffs' counsel elect not to withdraw his recent request for a conference the undersigned intends to serve him with a motion for Rule 11(b) sanctions to recover the costs expended by defendants for both responses to this Court. No defendant should be forced to accept duties which are beyond the plain and unambiguous meaning of any settlement agreement. The undersigned is without knowledge of any law which permits expanding duties owed by the plain meaning of an agreement approved by a Court. Especially after plaintiffs' counsel chose to accept cash-like funds on behalf of all clients without objection.

May this Court rule this matter fully settled and closed. Alternatively, may the Court permit the filing of a motion for sanctions or award them sua sponte in favor of defendants.

Thank you for the Court's attention to this matter.

Sincerely,

V. Jonas Urba

---

[4] *Dziurak v. Chase Manhattan Bank, N.A.*, 396 N.Y.S.2d 414, 416, 58 A.D.2d 103 (N.Y. App. Div. 1977).